**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| John Harris Thaler,<br>Plaintiff,<br>v.<br>City of Mesa, et al.,<br>Defendants. | No. CV-25-02271-PHX-DWL<br>**ORDER** |

John Harris Thaler ("Plaintiff")—an attorney who is proceeding pro se—initiated this action in June 2025 by filing a 46-page, 243-paragraph complaint alleging that after he uncovered a sprawling criminal conspiracy involving "participation by [the City of Mesa's] elected and appointed officials in money laundering, tax evasion, bribery, financial reporting fraud, wire fraud, bank fraud, Medicaid fraud, tampering with official records, extortion, as well as systemic violations of civil rights," the City of Mesa, two City of Mesa judges, and a City of Mesa police officer (together, "Defendants") engaged in various retaliatory acts against him that violated his federal constitutional rights and state law. (Doc. 1.) Plaintiff also filed, at the outset of the case, an application to proceed in forma pauperis ("IFP"). (Doc. 2.) In a July 25, 2025 order, the Court denied the application on the ground that Plaintiff's income and assets rendered him ineligible for IFP status. (Doc. 10.) Afterward, Plaintiff paid the $405 filing fee in full. (Doc. 11.)

In an October 15, 2026 order, the Court granted Defendants' motion to dismiss the complaint, denied Plaintiff's request for leave to amend, and directed the Clerk of Court to

enter judgment. (Doc. 31.) In the dismissal order, the Court noted that "[t]his is Plaintiff's third federal lawsuit alleging a widespread criminal conspiracy against him by the City of Mesa and others" and that the previous two lawsuits had been dismissed, with the assigned judges commenting along that way that Plaintiff's "complaint weaves a delusional and fantastical narrative that does not comport with federal pleading standards," that Plaintiff's "allegations are not plausible but are fanciful, fantastic, and delusional and rise to the level of the irrational or the wholly incredible," and that some of the defendants Plaintiff sought to sue were entitled to judicial immunity. (*Id.* at 8-10.) Although the Defendants in this action urged the Court to dismiss on those same grounds, the Court ultimately concluded it was unnecessary to reach those issues because all of Plaintiff's claims were barred by the relevant statutes of limitations and Plaintiff was not entitled to accrual or tolling. (*Id.* at 10-19 & n.3.)

Plaintiff has since filed a notice of appeal. (Doc. 33.) Additionally, Plaintiff has filed a motion for leave to proceed IFP on appeal. (Doc. 34.) The leave request is now fully briefed. (Docs. 35, 36.)

Under Rule 24(a)(1) of the Federal Rules of Appellate Procedure, "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." *Id.* Here, although Plaintiff has met all of the procedural requirements under Rule 24(a)(1), the Court concludes he has not established an inability to pay or give security for fees and costs. Although Plaintiff reports that he expects to earn a monthly income of $1,825 going forward, which is about $1,000 less than his expected monthly expenses of $2,863.42 (Doc. 34-1 at 2, 6-7), these figures do not provide a complete picture of Plaintiff's ability to pay. For one thing, Plaintiff also reports having $100 in cash, $1,223 in his checking account, and $13,500 in other assets. (*Id.* at 4-5.) Additionally, Plaintiff discloses that he receives $3,000 per semester in student loan

proceeds (based on his current enrollment as a graduate student in a master's degree program), which are separate from his earned income and available to cover his living expenses. (Doc. 34-2 at 5.) Finally, Plaintiff also reports that he expects to graduate from his master's degree program in December 2027, at which point his earning potential—which is currently limited to graduate school stipends—will presumably increase. (*Id.*) Under these circumstances, Plaintiff has not established an inability to pay.

Although the analysis could end there, Plaintiff's IFP application also lacks merit for a separate reason. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is taken in good faith if it seeks review of any issue that is non-frivolous. *Hooker v. Am. Airlines,* 302 F.3d 1091, 1092 (9th Cir. 2002). An issue is "frivolous" where it "lacks an arguable basis either in law or in fact." *Neitze v. Williams*, 490 U.S. 319, 325 (1989). Legally frivolous claims are those "based on an indisputably meritless legal theory," such as claims against "defendants [who] are immune from suit" or "claims of infringement of a legal interest which clearly does not exist." *Id.* at 327. Factually frivolous claims are those premised on "clearly baseless" factual contentions, such as claims "describing fantastic or delusional scenarios." *Id.* at 327-28. Applying these standards, the Court concludes that the issues Plaintiff seeks to present on appeal (Doc. 34-2) are frivolous and that an appeal would not be taken in good faith because the limitations bar is clear under the applicable law and record and no appellate issue—including any challenge concerning accrual or tolling—has an arguable basis in law or fact.

Accordingly,

**IT IS ORDERED** that Plaintiff's IFP application (Doc. 34) is **denied**.

Dated this 25th day of November, 2026.

Dominic W. Lanza
United States District Judge